STATE EX REL. FRANK L. DENORMANDIE v. COMMISSIONERS OF MAHONING CO.

EXPENSES ALLOWED SHERIFF.

Laning Rev. Stat. 2740s (B. 1296-29) which makes an allowance to sheriffs. for "all expense of maintaining horses and vehicles necessary to the proper administration of the duties of his office," the word "maintaining," is used in its ordinary meaning and only expenses incurred in supporting, sustaining and supplying horses with the necessaries of life and in keeping them and their vehicles in good condition can be allowed, as it does. not mean that they may purchase at the county expense the necessary horses and vehicles.

[For other cases in point, see 6 Cyc. Dig., "Office and Officers," §§ 318-325.—Ed.]

[Syllabus by the court.]

ERROR to Mahoning common- pleas court.

**E. H. Moore,** for plaintiff.

**W. R. Graham,** prosecuting attorney, for defendants.

## LAUBIE, J.

The relator, sheriff of this county, asks this court to issue a writ of mandamus to compel the commissioners to approve his bills of expense in purchasing two buggies and a double set of harness alleged to be necessary in the performance of the duties of his office, and to pay the same out of the county funds; claiming that they are required to do so by the provisions of act 98 O. L. 89, 96, Sec. 19 (Lan. Rev. Stat. 2740s; B. 1296-29).

That section provides that "The county commissioners shall, in addition to the compensation and salary herein provided, make allowances quarterly to every sheriff for keeping and feeding prisoners under section 1235 [Lan. 2610] of the Revised Statutes, and shall allow his actual and necessary expenses incurred or expended in pursuing or transporting persons accused or convicted of crimes and offenses,  *  * * and all expense of maintaining horses and vehicles necessary to the proper administration of the duties of his office. Every sheriff shall file under oath with the quarterly report herein provided for, a full, accurate and itemized account of all his actual and necessary expenses, mentioned in this section, before the same shall be allowed by the county commissioners."

Mahoning County.

The whole question depends upon the construction of the words "all expense of maintaining," as used in this section; and counsel for the relator contends that they mean, and should be construed to mean, all money expended in the purchase of such horses and vehicles.

For this construction he relies largely upon the opinion of Attorney-general Ellis rendered upon this question, and published in 52 Bull. 64, which is as follows:

"In my opinion the word 'maintaining' as used in this section should be so construed as to authorize the county commissioners to furnish at the county expense the necessary horses and vehicles for the use of the sheriff in the discharge of his duties, or, if the sheriff owns a sufficient number of horses and vehicles, to allow the expense of maintaining them."

We do not quarrel with the idea that such word *should* be so construed, if possible, at least in some instances, as a sheriff's compensation now, by the statute is made to depend upon the population of his county; but that is not the question before the court. The question here is, can such word legally be so construed—legally bear such a construction in determining the sense in which the legislature used and intended it.

As we view it, there is nothing in the section which indicates an intention on the part of the legislature in the use of the word "maintaining," of using it in, or giving to it, any other than its ordinary meaning. On the contrary every word in the section indicates otherwise.

There is no provision in it for the allowance of expenses in the purchase of any articles by name, but feed; and all other intended articles can be ascertained only by implication. Public officers can be allowed only such compensation, or fees, as are provided for in express terms, or by necessary implication from the terms used, and the words "expense of maintaining," as applied to horses and vehicles, cannot, by implication, include, or refer to, the expense of their purchase. If the legislature intended to have county commissioners supply sheriffs with horses, vehicles and harness, or to allow them the expense necessarily incurred in their purchase, it certainly would have so provided in unambiguous terms. Simple words only were needed to make such a provision.

What, then, is the definition—the ordinary meaning—of the word "maintaining," especially when applied to animals and vehicles?

All lexicographers define maintenance as "Maintaining; supporting; upholding; keeping up; sustenance; supply of the necessaries of

State v. Commissioners.

life; subsistence"; and the word maintain, "To hold or keep up in any particular state or condition; to support; to sustain; to keep up." So that the meaning of the word "maintaining" as used in this section in reference to horses and vehicles, means supporting; sustaining; keeping up; supplying with the necessaries of life; and the legislature therefore in this provision only meant and intended that sheriffs should be allowed the necessary expenses incurred in supporting, sustaining and supplying their horses with the necessaries of life, and in keeping their vehicles in good condition, and not in the purchase of them.

The opinion of the attorney-general is peculiar, in that it seems to put a double and inconsistent meaning to the word "maintaining." First, that it should be construed to mean that the commissioners should furnish the necessary horses and vehicles; and second, but if the sheriff owns a sufficient number of horses and vehicles the commissioners should only pay the expenses of maintaining them. So that if two horses were necessary to the discharge of the duties of his office and the sheriff bought two for such purpose, he could not be allowed the expenses of the purchase, under such construction, if he then owned two horses.

We are not able to see how such a double construction can be placed upon the word in question, as used in this section.

As we view the question, we cannot grant the relief asked for and the demurrer is sustained and the proceeding is dismissed at the costs of the relator.

**Burrows** and **Cook, JJ.,** concur.